IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

---

GARY BULLWINKEL,

      Plaintiff,

v.

UNITED STATES DEPARTMENT OF
ENERGY, et al.,

      Defendants.

No. 11-1082-JDB-egb

---

ORDER DENYING PLAINTIFF'S
RENEWAL OF REQUEST FOR TEMPORARY RESTRAINING ORDER

---

Before the Court is the motion of the Plaintiff, Gary Bullwinkel, for renewal of request for temporary restraining order. (Docket Entry ("D.E.") 89.) For the reasons stated herein, the motion is DENIED.

On April 8, 2011, Bullwinkel, a resident of Somerville, Tennessee, filed a *pro se* complaint pursuant to, *inter alia*, the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701-05; the National Environmental Policy Act ("NEPA"), 42 U.S.C. §§ 4321, *et seq.*; and Title VI of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000d, *et seq.* (Docket Entry ("D.E.") 1.) Plaintiff filed an amended complaint as of right on April 19, 2011. (D.E. 5.) On December 5, 2011, Bullwinkel submitted his renewal of request for temporary restraining order. (D.E. 89.) On December 16, 2011, the Federal Defendants filed a response in opposition to the motion.

(D.E. 93.)[1]  Additional responses were received from the TVA Defendants on December 19, 2011 (D.E. 94)[2]; the State Official Defendants on December 20, 2011 (D.E. 96-98)[3] and the University of Tennessee Defendants on December 21, 2011 (D.E. 99).[4]  On December 27, 2011, after obtaining leave of Court, Plaintiff presented a reply in further support of his motion.  (D.E. 101.)

The instant motion is Bullwinkel's fourth request for preliminary injunctive relief.  He filed a motion for a temporary restraining order on April 8, 2011, the same day as his original complaint.  (D.E. 2.)  The Court denied the motion on April 12, 2011 because Plaintiff had not submitted an affidavit or a verified complaint as required by Federal Rule of Civil Procedure 65(b). (D.E. 4.)

On April 19, 2011, Plaintiff submitted his amended complaint (D.E. 6) and his first amended verified motion for temporary

---

[1]     The Federal Defendants are the United States Department of Energy ("DOE"); Stephen Chu, in his official capacity as Secretary of Energy; Anthony Cugini, in his official capacity as Director of the National Energy Technology Laboratory of DOE; the Federal Highway Administration ("FHWA"); Ray LaHood, in his official capacity as Secretary of Transportation; Pamela Kordenbrock, in her official capacity as Division Administrator of the FHWA, Tennessee Division; the United States Army Corps of Engineers; General Robert L. Van Antwerp, Jr., in his official capacity as Commanding General Army Corp of Engineers, and Colonel Vernie L. Reichling, Jr., in his official capacity as Corps Commander, Memphis District.  Defendant Kordenbrock has been substituted for her predecessor, Bobby Blackmon, pursuant to Federal Rule of Civil Procedure 25(d).  (D.E. 136 at 2 n.2.)

[2]     The TVA Defendants are the TVA and Thomas Kilgore, in his official capacity as President and Chief Executive Officer of the TVA.

[3]     The State Official Defendants are Tennessee Governor William Haslam; William Hagerty, the Commissioner of the Tennessee Department of Economic and Community Development; and John Schroer, Commissioner of the Tennessee Department of Transportation.

[4]     The University of Tennessee Defendants are the University of Tennessee and its President, Dr. Joe DiPietro.

restraining order and preliminary injunction (D.E. 7).  In an order issued on April 26, 2011, the Court denied his motion because "[t]he Plaintiff has neither alleged or asserted that he has made any efforts to give notice to the Defendants in accordance with subsection (B) [of Rule 65(b)(1)].  In addition, he has proffered no reasons why such notice should not be required." (D.E. 7 at 1.)

On July 5, 2011, Plaintiff filed his third verified motion for temporary restraining order and preliminary injunction.  (D.E. 22.) That motion sought

> a temporary restraining order and . . . a preliminary injunction prohibiting Defendants, [sic] from any activities that would further the development of the West Tennessee Megasite and the Solar Farm/Welcome Center/Transmission Line Project. . . . These activities would include *but not be limited to*: certification and marketing of the megasite, grant federal permits, grade land, purchase equipment or supplies, conduct construction and/or installation of Solar Panels, clear transmission line right-of-ways, install transmission lines, initiate Interstate access planning and/or other road building activities.

(Id. at 3-4 (emphasis added).)

In an order issued on March 29, 2012, the Court denied Plaintiff's third motion on both procedural and substantive grounds.  (D.E. 137.)  The Court noted that Plaintiff had not submitted a proposed order as required by Local Rule 7.2(a)(1)(A) and stated that "[f]or that reason alone the motion must be denied." (Id. at 8.)

The Court added that, in light of its recent decisions dismissing various claims and parties, there was virtually nothing left to be enjoined:

> Plaintiff's request for relief concerning the Solar Farm is directed only to the State of Tennessee.  The Court has dismissed the NEPA and APA claims against the State of Tennessee as barred by the Eleventh Amendment.  (D.E. 116 at 3-4; *see also* D.E. 117 at 2-3 (dismissing NEPA and APA claims against the University of Tennessee as barred by the Eleventh Amendment.)  The Court has also held that there is no private right of action under NEPA and that the APA is not applicable to the states and state officials.  (D.E. 116 at 4-5 (dismissing NEPA and APA claims against the State of Tennessee); D.E. 117 at 3 (dismissing NEPA and APA claims against the University of Tennessee); D.E. 120 at 3-4 (dismissing NEPA and APA claims against DiPietro); D.E. 130 at 5 (dismissing NEPA and APA claims against State Official Defendants).)  The Court has also dismissed Plaintiff's claims against the State Official Defendants for injunctive relief for violations of state law, including the Tennessee 1101 Growth Plan Law.  (D.E. 130 at 4-5.)  These decisions largely eviscerate Plaintiff's request for preliminary injunctive relief, leaving intact only the relief directed to the TVA.

(Id. at 9-10.)

Finally, the Court concluded that Plaintiff had not established irreparable injury as to the West Tennessee Megasite, noting that the record evidence established that there had not been any industrial development on the Megasite and there were not specific plans for future development.  (Id. at 13.)[5]

In his most recent motion for a temporary restraining order -- his fourth such application -- Plaintiff seeks to enjoin "all Federally funded or Federally dependent activities being undertaken by Federal, State and local entities concerning the construction,

---

[5]    The standards for evaluating a motion for a temporary restraining order or a preliminary injunction were set forth at pages 10 through 12 of the March 29, 2012 order.  (D.E. 137.)  "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer permanent irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20, 129 S. Ct. 365, 374, 172 L. Ed. 2d 249 (2008).

installation and operation of the West Tennessee Solar Farm and the marketing/development of the West Tennessee Megasite." (D.E. 89 at 1.)

Bullwinkel's present motion suffers from the same defects as his third application for preliminary injunctive relief. Once again, he has failed to file a proposed order, which is required in order precisely to define the scope of the proposed relief.

Moreover, just as with the previous motion, the dismissal of Plaintiff's claims against the State of Tennessee, the University of Tennessee, the State Official Defendants and Dr. DiPietro mean that Plaintiff cannot show that he is likely to succeed on the merits. When the previous order was issued, Plaintiff's request for injunctive relief against the TVA was still potentially viable. Since that time, however, the Court has granted the TVA Defendants' motion for summary judgment on Plaintiff's claims arising from the certification and marketing of the West Tennessee Megasite and his claims arising from the failure to treat the Solar Farm as a connected action to the Megasite. (D.E. 159.) At this time, therefore, there appears to be no relief that this Court can afford.[6]

_____

[6]     The Court also found an absence of irreparable injury arising from the possibility of future development of the Megasite. (D.E. 137 at 13.) In its order on the TVA Defendants' motion for summary judgment, the Court declined to dismiss the claims addressing future development of the Megasite on ripeness grounds because Plaintiff represented that he did not seek to enjoin "'actual industrial development'" of the Megasite." (D.E. 159 at 20 (quoting D.E. 85-1 at 12).) For jurisdictional reasons, Plaintiff apparently has limited the scope of his request to activities that are "Federally funded or Federally dependent." (D.E. 89 at 1.) Nothing in the instant motion suggests that there is an imminent danger of irreparable injury to Plaintiff as a result of such activities.

Finally, various Defendants have noted that Plaintiff's claims about the Solar Farm appear to be moot because the federal funds have been disbursed, construction has been virtually completed, and the Farm will soon become operational. (*See* D.E. 93 at 2-3; D.E. 94 at 1; D.E. 96 at 4-5; D.E. 99 at 2; *see also* Supp. Decl. of Paula Flowers, dated Dec. 20, 2011, ¶¶ 3-5.) In denying the Federal Defendants' earlier motion to dismiss the Solar Farm claims as moot, the Court relied, in part, on Plaintiff's allegations about the interconnection between the Solar Farm and the Megasite. (D.E. 136 at 18-18.) The Court has now held that the TVA's failure to consider the Megasite and the Solar Farm to be connected actions was not arbitrary, capricious or an abuse of discretion. (D.E. 159 at 32.) If, as appears likely, the Solar Farm claims are moot, Plaintiff cannot show that he is likely to succeed on the merits of those claims.

Plaintiff's renewal of request for temporary restraining order is, therefore, DENIED.

IT IS SO ORDERED this 13th day of August 2012.

s/ J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE