IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

---

|                              |   |                     |
|------------------------------|---|---------------------|
| GARY BULLWINKEL,             | ◊ |                     |
|                              | ◊ |                     |
|     Plaintiff, | ◊ |               |
|                              | ◊ |                     |
| v.                           | ◊ | No. 11-1082-JDB-egb |
|                              | ◊ |                     |
| UNITED STATES DEPARTMENT OF  | ◊ |                     |
| ENERGY, et al.,              | ◊ |                     |
|                              | ◊ |                     |
|     Defendants. | ◊ |              |
|                              | ◊ |                     |

---

ORDER DENYING PLAINTIFF'S MOTION TO JOIN ADDITIONAL PARTY

---

On January 9, 2012, Plaintiff, Gary Bullwinkel, filed a motion to join additional party (Docket Entry ("D.E.") 105) pursuant to Rule 19(a)(1)(A) of the Federal Rules of Civil Procedure. The motion sought to add as additional defendants the University of Tennessee Research Foundation ("UTRF") and its president, Dick Gourley. On January 23, 2012, the State of Tennessee and the State Official Defendants filed a response in opposition to the motion. (D.E. 108.) On January 24, 2012, responses in opposition were received from the Federal Defendants (D.E. 110), the Chickasaw Electric Cooperative and John Collins (D.E. 111), and the University Defendants (D.E. 113). The TVA Defendants filed their response on January 25, 2012. (D.E. 115.)

Rule 19(a)(1)(A) provides that "[a] person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if . . . in

that person's absence, the court cannot accord complete relief among existing parties[.]"  Fed. R. Civ. P. 19(a)(1)(A).  Rule 19 provides "guidance for the joinder of persons needed for just adjudication."  Glancy v. Taubman Ctrs, Inc., 373 F.3d 656, 664 (6th Cir. 2004), *reh'g en banc denied* (Aug. 27, 2004).  "It establishes guidelines for determining when it is proper to dismiss a case because a person or entity has an interest in the outcome of the litigation that could be impaired in the absence of that person or entity, but joinder of the person or entity will deprive the court of subject matter jurisdiction."  Id.  The Rule is the "tool of the defendant, as the plaintiff has the power to choose which parties [he] wishes to sue and generally has ample freedom to amend [his] complaint to add a party."  Id. at 669.  Thus, the Court will analyze the motion as one to add a party by amending the complaint.

Amendment of a plaintiff's complaint is governed by Rule 15 of the Federal Rules of Civil Procedure, which provides that such amendment should be freely given "when justice so requires."  Fed. R. Civ. P. 15(a)(2).  Bullwinkel proffers the following basis for adding defendants in this matter:

> UTRF, an independent corporation, is the UT subcontractor and administrator of the Solar Farm project and has contractual responsibilities and direct control of the Solar Farm and other subcontractors including the already named Defendant, Chickasaw Electric Cooperative.  This contractual responsibility, but not limited to, is evidenced by Document 48-2, Interconnection Agreement between Chickasaw Electric Cooperative and University of Tennessee Research Foundation and possibly, the TVA Purchase Power Agreement, which has not been submitted in this case, yet.  Any relief concerning the Solar Farm, Chickasaw Electric Cooperative, the Purchase Power Agreement or further actions or compliance issues with

the Mitigation Action Plan as filed with the Solar Farm
Environmental Assessment would require UTRF presence
before the Court if such relief is granted based upon the
merits of Plaintiff's pleadings.

(D.E. 105 at 1-2.)

"[A] motion for leave to amend must state with particularity the grounds for amendment." Patterson v. Novartis Pharms. Corp., 451 F. App'x 495, 499 (6th Cir. 2011); *see also* Evans v. Pearson Enters., Inc., 434 F.3d 839, 853 (6th Cir. 2006) (same).  A party seeking leave to amend should also submit a proposed amended complaint.  Patterson, 451 F. App'x at 499.

The instant motion states only that the UTRF is the administrator of the Solar Farm project and has a contractual relationship with the Chickasaw Electric Cooperative.  (D.E. 105 at 1.)  In his most recent complaint filed April 19, 2011, Bullwinkel did not state a plausible claim against UTRF and Gourley.  It mentioned Gourley not at all and contained few allegations about UTRF.  Those allegations are as follows:

> 44.  The University of Tennessee is a public land grant educational institution that is also involved with energy development and research through its subsidiary the University of Tennessee Research Foundation.

> 78.  October, 2010:  Public comment meeting for Solar Farm Draft EA held in Brownsville, TN. Representatives from DOE, TDOT, SAIC and the University of Tennessee Research Foundation attended and presented at the public comment meeting.  Chickasaw Electric Cooperative did not participate or have representation present.

> 105. CEC did not perform NEPA analysis in any manner or form.  CEC is not currently a contractual party with the University of Tennessee Research Foundation (UTRF) or TVA concerning the transmission of power from the Solar Farm to the Dancyville Substation. . . .

> 108. Plaintiff's property is directly affected by CEC distribution lines nearby and on his property presently. Woodland forest habitat purchased and protected by Plaintiff could be at significant risk depending on transmission line placement and/or rerouting. Small tributaries of the Big Muddy Creek cross Yum Yum Road along his property and current Right of Way routing for the CEC distribution lines. Under current management practices this area serves as important "wildlife corridors" across and under the roadway. Associated tree arboreal habitat and underbrush gives a continuous wildlife habitat important to birds, animals and other life forms. No quantification or qualification of these important environmental qualities and refuges has been done by CEC or UTRF. This lack of environmental analysis affects the plaintiff directly in enjoyment of his property and his desire to foster and encourage a varied and desirable wildlife habitat for many different species including himself and his family.

(D.E. 5 at 8, 15, 23-25.) The Plaintiff did not provide in connection with this motion a proposed amended complaint containing any additional factual allegations about UTRF and Gourley, the claims he intends to assert against them, or the relief he seeks.

A motion to amend a complaint should be denied if the amendment would be futile, that is, if it would not survive a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Hanner v. City of Dearborn Heights, 450 F. App'x 440, 448 (6th Cir. 2011). Such motions may also be properly denied where there has been an undue delay in filing or undue prejudice to the opposing party. Wade v. Knoxville Utils. Bd., 259 F.3d 452, 458 (6th Cir. 2001). "Delay by itself is not sufficient reason to deny a motion to amend." Id. Prejudice is a "critical factor[] in determining whether an amendment should be granted." Id. at 458-59. "When amendment is sought at a late stage in the litigation, there is an increased

burden to show justification for failing to move earlier." Id. at 459.

Plaintiff's proposed amendment appears to be futile. His claims against the UTRF appear to be barred by the Eleventh Amendment, just like his claims against the State of Tennessee, the Tennessee agencies and the University of Tennessee. (See D.E. 116 at 3-4; D.E. 117 at 2-3.) The prior holdings that NEPA and the APA are inapplicable to state actors bar Plaintiff's claims against the UTRF and Gourley under those statutes. (See D.E. 116 at 4-5; D.E. 117 at 3; D.E. 120 at 2-4; D.E. 130 at 5.)[1]

Therefore, Plaintiff's motion is DENIED.

IT IS SO ORDERED this 13th day of August 2012.

s/ J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE

---

[1] The Court also notes that Plaintiff did not include these claims in his proposed second amended complaint. (See D.E. 147-1.) Bullwinkel's motion for leave to file the second amended complaint was denied in an order entered this date. (D.E. 160.)