IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| GARY BULLWINKEL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:11-cv-1082-JDB-egb |
| | ) |
| U.S. DEPARTMENT OF ENERGY, | ) |
| *et seq.*, | ) |
| | ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

Before the Court is a partial Motion to Dismiss ("Motion," D.E. 174) filed by the Federal Highway Administration ("FHWA"); Ray LaHood, in his official capacity as Secretary of Transportation; and Pamela Kordenbrock, in her official capacity as Division Administrator of the FHWA (collectively the "FHWA Defendants"). The FHWA Defendants bring their Motion pursuant to Rule 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, and ask the Court to dismiss certain of the Plaintiff's claims against them, without prejudice. Plaintiff has responded in opposition (D.E. 183). This matter has been referred to the Magistrate Judge for a Report and Recommendation.

First, the FHWA Defendants argue that the claims asserted against them, insofar as they rely upon Title VI of the Civil Rights Act, or upon Executive Order 12898 (February 11, 1994), are subject to dismissal under Rule 12(b)(1) because Plaintiff, as a white male, lacks standing to assert those claims. As the FHWA Defendants note, a motion to dismiss for lack of jurisdiction under Rule 12(b)(1) can be either facial or factual. In a factual challenge "the district court must weigh the evidence and the plaintiff has the burden of proving that the court has jurisdiction over

the subject matter." *Golden v. Gorno Bros., Inc.*, 410 F.3d 879, 881 (6th Cir.2005). A party opposing a fact-based motion to dismiss under Rule 12(b)(1) cannot rest on his pleadings. *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir.1990) ("[When a court reviews a complaint under a factual attack [on jurisdiction], ... no presumptive truthfulness applies to the factual allegations."); *Exchange Nat'l Bank of Chicago v. Touche Ross & Co.*, 544 F.2d 1126, 1131 (2d Cir.1976) (Friendly, J.) ("[A] party opposing a Rule 12(b)(1) motion cannot rest on the mere assertion that factual issues may exist.")

In paragraph 52 of his Amended Complaint Plaintiff alleges that he "is a member of the Greater Fredonia Community for Environmental Justice advocacy group and is concerned about the effects of the Megasite and Solar Farm/Welcome Center/Transmission Lines on the residents of Fredonia, TN and other nearby minority communities where he has many friends." (D.E. 5). But because he is not a member of a minority, the FHWA Defendants argue, Plaintiff lacks standing to litigate discrimination claims against those who are minorities.

The Court has examined this issue in its Order Denying Plaintiff Leave to Amend. (D.E. 160). In denying that Motion based on futility, the Court observed:

> "Ordinarily, one may not claim standing . . . to vindicate the constitutional rights of some third party." *Smith v. Jefferson Cnty. Bd. of Sch. Comm'rs*, 641 F.3d 197, 208 (6th Cir.), cert. denied, ___ U.S. ___, 132 S. Ct. 103, 181 L. Ed. 2d 31 (2011). There is an exception to that general rule where "the party asserting the right has a close relationship with the person who possesses the right, and . . . there is a hindrance to the possessor's ability to protect his own interests." *Id.* (internal quotation marks omitted). Even if it were assumed that Plaintiff has a sufficiently close relationship with some minority residents who live near the Megasite and Solar Farm, there is no allegation that there exists any hindrance to one or more such persons bringing their own Title VI suit. *See id.* at 208-09 (holding that teachers lacked prudential standing to assert the rights of their students and of the parents of those students as

> they could not meet the second prong of the test for third-party
> standing).

(D.E. 160, pp. 9-10). *See also Graham v. Tennessee Secondary School Athletic Ass'n*, 1995 WL 115890 (E.D. Tenn. 1995) (unpublished) (finding that Caucasian student athletes suing under Title VI based on racial discrimination of African-American student athletes had no standing). Here, as the Court noted earlier, there is no allegation that there exists any hindrance to one or more such persons bringing their own Title VI suit. Indeed, as the FHWA Defendants suggest, minority residents may have chosen not to join Plaintiff's cause because they disagree with it. There are myriad possibilities for why minority residents did not bring these claims, but the bottom line is that they did not bring them, and no reason has been show why they could not bring them. Accordingly, the Magistrate Judge recommends that the Court find that Plaintiff lacks standing to litigate discrimination issues.

The FHWA Defendants next argue that the claims asserted against them that rely on Title VI are subject to dismissal under Rule 12(b)(6) because Plaintiff does not allege intentional discrimination. In deciding a motion to dismiss under Rule 12(b)(6) the court "construe[s] the complaint in the light most favorable to the plaintiff, accept[s] its allegations as true, and draw[s] all reasonable inferences in favor of the plaintiff." *Watson Carpet & Floor Covering, Inc. v. Mohawk Industries, Inc.*, 648 F.3d 452, 456 (6th Cir. 2011), quoting *In re Travel Agent Comm'n Antitrust Litig.*, 583 F.3d 896, 902 (6th Cir.2009), cert. denied, *TAM Travel, Inc. v. Delta Airlines, Inc.*, — U.S. —, 131 S. Ct. 896 (2011). To survive a motion to dismiss, "the complaint must contain either direct or inferential allegations respecting all material elements" of the offense. *Watson Carpet*, 648 F.3d at 456-57. "[T]he complaint's 'factual allegations must be enough to raise a right to relief above the speculative level,' and 'state a claim to relief that is

plausible on its face.'" *Id*. at 457. "[C]onclusory allegations or legal conclusions masquerading as factual allegations will not suffice." *Id*.

Here, the FHWA Defendants assert that Plaintiff has failed to allege intentional discrimination, which is required to state a Title VI claim. Accordingly, they claim, Counts 8 & 9 are subject to dismissal on that basis as well. A review of Plaintiff's response in opposition reveals no argument to the contrary. A review of Plaintiff's Amended Complaint confirms the FHWA Defendants' assertion. Because Plaintiff has failed to allege intentional discrimination against the FHWA Defendants, the Magistrate Judge recommends a finding that Counts 8 & 9 be dismissed on that basis as well.

Third, the FHWA Defendants argue that insofar as any claims against them rely on Executive Order 12989, they are subject to dismissal under Rule 12(b)(1) because alleged noncompliance with that Order is nonjusticible. The Executive Order is clear that it "shall not be construed to create any right to judicial review involving the compliance or noncompliance of the United States, its agencies, its officers, or any other person with this order." 59 Fed.Reg. 7629, 7633 (1994). As the FHWA Defendants note, where, as here, an executive order explicitly disclaims the creation of any enforceable rights or rights of action, courts have regularly held that the order is not enforceable, either directly or through the APA. *State of Michigan v. Thomas*, 805 F.2d 176, 187 (6th Cir. 1986) ("Given this clear and unequivocal intent that agency compliance with Executive Order 12,291 not be subject to judicial review, we hold that the Order provides no basis for rejecting EPA's final action."); *Chai v. Carroll*, 48 F.3d 1331, 1339 (4th Cir. 1995) ("Furthermore, an executive order is privately enforceable only if it was intended to create a private cause of action."). Accordingly, the Magistrate Judge recommends that Count 8 be dismissed against the FHWA Defendants on that basis as well.

Finally, the FHWA Defendants assert that Count 12 of the Complaint is subject to dismissal under Rule 12(b)(6) because Count 12 alleges no actionable wrongdoing. Count 12 alleges that the Federal Defendants improperly segmented the Megasite from their NEPA analyses of the solar farm and the welcome center. The FHWA Defendants point to the Court's August 13, 2012 ruling which granted the DOE Defendants' Motion to Dismiss this same Count. (D.E. 159 at p. 32). The Magistrate Judge agrees with the FHWA Defendants that based on that ruling, Count 12 alleges no actionable wrongdoing against the FHWA Defendants and should be dismissed.

Respectfully Submitted,

**s/Edward G. Bryant**
EDWARD G. BRYANT
UNITED STATES MAGISTRATE JUDGE

Date: **June 4, 2013**

ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT AND RECOMMENDATIONS MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT AND RECOMMENDATIONS. 28 U.S.C. § 636(b)(1). FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.