IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

GARY BULLWINKEL,

    Plaintiff,

v.                                                                                No. 1:11-cv-01082-JDB-egb

U.S. DEPARTMENT OF ENERGY, *et al.*,

    Defendants.

ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION IN
PART AND DENYING IN PART
_____

Before the Court are Plaintiff, Gary Bullwinkel's ("Plaintiff") objections to the magistrate judge's report and recommendation dismissing multiple claims against the Federal Highway Administration ("FHWA"); Ray LaHood, in his official capacity as Secretary of Transportation; and Pamela Kordenbrock, in her official capacity as Division Administrator of the FHWA (collectively, the "FHWA Defendants"). (Docket Entry ("D.E.") 201.) On April 19, 2011, Bullwinkel filed an amended complaint against the FHWA Defendants and others alleging violations of Title VI of the Civil Rights Act ("Title VI"), 42 U.S.C. §§ 2000d–2000d7 (2012), the Clean Water Act, 33 U.S.C. §§ 1251–1387, the National Environmental Policy Act ("NEPA"), 42 U.S.C. § 4332(C), and Executive Order Number 12,898, 59 Fed. Reg. 7629 (February 11, 1994). Plaintiff further asserted violations of the Administrative Procedure Act (the "APA"), 5 U.S.C. § 706(2), claiming the FHWA Defendants failed to comply with their own regulations implementing Title VI and NEPA. (D.E. 5.) On September 4, 2012, the FHWA Defendants filed a partial Motion to Dismiss (D.E. 174) pursuant to the Federal Rules of Civil

1

Procedure ("Rule") 12(b)(1) and 12(b)(6). The FHWA Defendants sought dismissal of: (1) Plaintiff's claims based on Title VI for lack of standing under Rule 12(b)(1) and for failure to allege intentional discrimination under Rule 12(b)(6); (2) his assertions under Executive Order 12,898 for lack of a justiciable claim under Rule 12(b)(1); and (3) Count 12 of the Amended Complaint for failure to allege actionable wrongdoing under Rule 12(b)(6). (D.E. 174.) The motion was referred to Magistrate Judge Edward Bryant for a report and recommendation. (D.E. 191.)

On June 4, 2013, the magistrate judge entered his report recommending dismissal of: (1) Plaintiff's claims under Title VI for lack of standing to litigate discrimination issues and for failure to allege intentional discrimination; (2) his claims under Executive Order 12,898 because compliance with the Order is nonjusticiable; (3) Count 8 of the Amended Complaint as a result of the dismissal of the Title VI and Executive Order 12,898 claims; (4) Count 9 due to the failure of the Title VI claims; and (5) Count 12 for Plaintiff's failure to allege any actionable wrongdoing. (D.E. 200.)

Bullwinkel has objected, arguing that Counts 8 and 9, as well as Count 3, implicitly, should not be dismissed entirely because, despite the bar to allegations under Title VI and Executive Order 12,898, valid claims under NEPA and the APA still exist. Additionally, Plaintiff disagrees with the dismissal of Count 12, insisting that the recommendation erroneously relies on a prior judgment for another defendant on the same Count. (D.E. 201.) The FHWA Defendants conceded that the dismissal of Counts 8, 9, and presumably Count 3, in their entirety, may be overbroad. While the Counts, insofar as they rely on Title VI or Executive Order 12,898, should be dismissed, they contend that the NEPA procedural violations found in those Counts should remain. They maintained, however, that Count 12 should be dismissed entirely. (D.E. 202.)

Based on the following reasons, the Court ADOPTS in part and DENIES in part the report and recommendation.

## I. Factual Background

Bullwinkel lives four miles from the approximately 4,000 acres of State-owned land in Haywood, Tennessee known as the West Tennessee Megasite (the "Megasite"). Currently on the Megasite is a solar energy farm built by the State of Tennessee with partial funding by the United States Department of Energy. Tennessee further plans to build a rest stop and welcome center adjacent to the solar farm along with a highway interchange to service the site. The remainder of the Megasite is being marketed by the Tennessee Valley Authority as a possible location for large-scale industrial development.

Plaintiff submits that the current and proposed development projects on the Megasite will adversely affect the health and well-being of himself and others living near the site, and that the various State and Federal entities involved in the projects failed to meet their statutory and regulatory obligations. In particular, he claims that the FHWA Defendants failed to meet their procedural requirements established under NEPA and its implementing regulations by neglecting to properly consider the adverse effects of the proposed highway interchange system to be funded by the FHWA. Plaintiff's primary assertion is that these procedural failures amount to arbitrary and capricious decision making in violation of the APA. In addition, Plaintiff, a white male, contends that the FHWA Defendants' actions violate Title VI and Executive Order 12,898 by failing to consider the potential adverse effects the highway interchange system will have on local minority residents.

II. Analysis

When an objection is made to a magistrate judge's recommendation, the district judge must apply a de novo standard of review. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Under such a review, the district judge may accept, reject, or modify any of the magistrate judge's findings and recommendations. 28 U.S.C. § 636(b)(1); United States v. Raddatz, 447 U.S. 667, 673-74, 680, 100 S. Ct. 2406, 65 L. Ed. 2d 424 (1980); Lyons v. Holden-Selby, 729 F. Supp. 2d 914, 918 (E.D. Mich. 2010).

Bullwinkel argues that the magistrate judge erroneously recommended dismissal of Counts 3, 8, and 9 in their entirety instead of separating the NEPA and APA issues from any Title VI claims. He insists that the NEPA and APA claims in those counts should be maintained, and that any reference to Title VI and intentional discrimination was merely descriptive of the alleged procedural failures under NHWA's regulations implementing Title VI. Similarly, Plaintiff contends that Count 8 should not be dismissed, alternatively, based on the nonjusticiability of a claim under Executive Order 12,898. He asserts that the Order was mentioned only as a reason, not a stand-alone claim, for why the Court should find that the FHWA Defendants' procedures were inadequate under NEPA. Finally, Plaintiff does not address the substance of Count 12, alleging failure to coordinate the highway interchange along with the other projects as a "connected action," but instead contends that the proposed dismissal of Count 12 based on a previous ruling in favor of another defendant, the Tennessee Valley Authority, represents an improper procedural bar to justice. The Court considers these arguments in turn.

A. Application of Rule 12(b)(1) to Title VI Claims in Counts 3, 8, and 9

A court's subject matter jurisdiction is a "threshold determination" which may be challenged by motion under Rule 12(b)(1). Am. Telecom Co. v. Republic of Lebanon, 501 F.3d 534, 537 (6th Cir. 2007). "A Rule 12(b)(1) motion can either attack the claim of jurisdiction on its face, in which case all allegations of the plaintiff must be considered as true, or it can attack the factual basis for jurisdiction, in which case the trial court must weigh the evidence and the plaintiff bears the burden of proving that jurisdiction exists." DLX, Inc. v. Kentucky, 381 F.3d 511, 516 (6th Cir. 2004), cert. denied, 544 U.S. 961, 125 S. Ct. 1733, 161 L. Ed. 2d 603 (2005). The instant motion is a facial challenge to the Court's subject matter jurisdiction, so the Court will treat the allegations in Plaintiff's Amended Complaint as true. See, e.g., United States v. Ritchie, 15 F.3d 592, 598 (6th Cir. 1994) ("A facial attack is a challenge to the sufficiency of the pleading itself.").

In order to prove jurisdiction, the plaintiff must establish that he has standing to litigate a particular claim. Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 102–03, 118 S. Ct. 1003, 140 L. Ed. 2d 210 (1998) ("Standing to sue is part of the common understanding of what it takes to make a justiciable case."). The components of standing are threefold—the plaintiff must establish (1) injury in fact, (2) causation, and (3) redressability. Id. The injury in fact element requires the plaintiff to "allege an injury to himself that is distinct and palpable, as opposed to merely abstract, and the alleged harm must be actual or imminent, not conjectural or hypothetical." Whitmore v. Arkansas, 495 U.S. 149, 155, 110 S. Ct. 1717, 109 L. Ed. 2d 135 (1990) (internal citations omitted). However, an exception exists where one may claim standing on behalf of a third party where "the party asserting the right has a close relationship with the person who possesses the right," and there "is a hindrance to the possessor's ability to protect his

5

own interests." Smith v. Jefferson County Bd. Of Sch. Comm'rs, 641 F.3d 197, 208 (6th Cir. 2011), cert. denied, 132 S. Ct. 103, 181 L. Ed. 2d 31 (2011) (quoting Kowalski v. Tesmer, 543 U.S. 125, 130, 125 S. Ct. 564, 160 L. Ed. 2d 519 (2004)) (internal quotation marks omitted).

At issue here is whether Bullwinkel has standing to litigate claims of intentional discrimination under Title VI on behalf of minority residents living near the site of the proposed highway interchange. Plaintiff alleges that he "is a member of the Greater Fredonia Community for Environmental Justice advocacy group and is concerned about the effects of the Megasite and Solar Farm/Welcome Center/Transmission Lines on the residents of Fredonia, TN and other nearby minority communities where he has many friends." (D.E. 5, ¶ 52.) In his report, Magistrate Judge Bryant found that Plaintiff, a white male, lacked standing to litigate Title VI claims because he is not a member of a minority.[1] (D.E. 200 at 11–12.) While the magistrate judge does not explicitly indicate which of the Counts at issue are affected by this recommendation, it is apparent that the Title VI claims in Counts 3, 8, and 9 of Plaintiff's Amended Complaint (the Counts challenged by the FHWA Defendants that include Title VI claims) are the ones subject to dismissal under Rule 12(b)(1).

Although Plaintiff includes in his objections to the magistrate judge's report that he is not asserting a Title VI claim in Counts 3, 8, and 9, it is obvious to the Court that he intends to do so. To the extent Plaintiff attempts to assert any claim under Title VI in Counts 3, 8, and 9, the Court agrees with Magistrate Judge Bryant that he lacks standing to litigate these discrimination issues.

---

[1] The Court also previously denied Plaintiff's Motion for Leave to Amend based on futility and stated that "[e]ven if it were assumed that Plaintiff has a sufficiently close relationship with some minority residents who live near the Megasite and Solar Farm, there is no allegation that there exists any hindrance to one or more such persons bringing their own Title VI suit." (D.E. 160 at 9–10.)

Although Bullwinkel seems to agree with this particular outcome, he maintains that he can litigate the FHWA Defendants' compliance with Title VI indirectly through the APA by alleging their noncompliance with FHWA regulations implementing Title VI. See 49 C.F.R. § 21 (2012). In Plaintiff's More Definite Statement on Title VI claims,[2] he cites Title 49, Part 21, subsections 21.5 (prohibiting racial discrimination in determining the site or location of facilities) and 21.9 (requiring FHWA to compile Title VI compliance reports and make them available to "other interested persons") of the Code of Federal Regulations as establishing an avenue for the Title VI claims.[3] (D.E. 144.) In his report and recommendation, the magistrate judge did not specifically address this claim. However, the Court disagrees with Plaintiff's apparent assertion that he can use FHWA's regulations and the APA to establish a means through which to litigate Title VI claims. Because Bullwinkel cannot claim indirectly what he is barred from claiming directly, these indirect claims are likewise dismissed under Rule 12(b)(1).

Plaintiff further appears to assert that he has a valid "claim of public standing gained through his NEPA standing to bring a NEPA procedure related Title VI procedural violation." (D.E. 201 at 7.) He cites no authority for this proposition that he can seek to enforce Title VI through NEPA. Whether or not Plaintiff has standing to establish a claim under NEPA is wholly irrelevant to any claimed Title VI violation, substantive or procedural, and cannot be used as an avenue to establish a Title VI claim. See, e.g., Milwaukee Inner-City Congregations Allied for Hope v. Gottlieb, No. 12-cv-556, slip op. 4–6 (W.D. Wis. Jan. 29, 2013) (discussing this issue in detail and finding that the plaintiffs "cannot use [NEPA] to obtain judicial review of a Title VI

---

[2] While the More Definite Statement was limited to state defendants, it also included specific claims against the FHWA Defendants.
[3] Plaintiff additionally cites Title 23, Section 200.9 of the Code of Federal Regulations in Count 3 of the Amended Complaint as establishing a procedural requirement that the FHWA Defendant's failed to meet. (D.E. 5, ¶ 103.) However, this section clearly applies only to "State highway agencies," not the FHWA Defendants. See 23 C.F.R. § 200.9.

disparate impact claim that they would otherwise be precluded from bringing"). Furthermore, as the Court previously stated in this case, "one cannot base standing on a generalized interest that the law be properly executed." Bullwinkel v. U.S. Dept. of Energy, No. 11-1082, 2013 WL 392466 at *8–9 (W.D. Tenn. Jan. 31, 2013); see, e.g., Hein v. Freedom From Religion Found., 551 U.S. 587, 599–600, 127 S. Ct. 2553, 168 L. Ed. 2d 424 (2007) (taxpayers may not sue to ensure public funds are spent in a constitutional manner); Lujan v. Defenders of Wildlife, 504 U.S. 555, 556–57, 112 S. Ct. 2130, 119 L. Ed. 351 (1992) (holding that the public interest in an "agenc[y]'s observance of a particular, statutorily prescribed procedure" does not create an "individual right vindicable in the courts") (internal quotation marks omitted). Therefore, insofar as any claims by Plaintiff in Counts 3, 8, and 9 rely on Title VI for subject matter jurisdiction, either directly or indirectly, they are hereby dismissed.[4]

B. Application of Rule 12(b)(1) to Executive Order 12,898 Claims in Count 8

Magistrate Judge Bryant also found Plaintiff's claims relying on Executive Order 12,898 (the Environmental Justice Order) in Count 8 to be nonjusticiable, thus warranting dismissal under Rule 12(b)(1). The magistrate judge noted the clear wording of the Order, which states that it "shall not be construed to create any right to judicial review involving the compliance or noncompliance of the United States, its agencies, its officers, or any other person with this order." 59 Fed. Reg. 7629, 7633 (February 11, 1994). Bullwinkel responded in his Objection that he did not "even mention[,] much less allege[,] a direct violation of Executive Order 12898." (D.E. 201 at 6.) Instead, he asserts that the Order was invoked "as one of many reasons for finding a[] NEPA" violation, and "does not mean Plaintiff alleges a violation of an

---

[4] Because these claims are properly dismissed under Rule 12(b)(1), the Court need not address the FHWA Defendants additional motion for dismissal of these claims under Rule 12(b)(6).

unenforceable Executive Order." (D.E. 201 at 6.) The Court agrees with the magistrate judge and both parties that any purported claim under Executive Order 12,898 should be dismissed. The Court, however, disagrees with Plaintiff that the Order can be invoked as a reason for establishing a NEPA violation. If he is to establish a violation of NEPA, it must be done some way other than indirectly through reference to an unenforceable executive order. Thus, any claim relying directly or indirectly on Executive Order 12,898 in Count 8 is hereby dismissed under Rule 12(b)(1).

   C. Plaintiff's Remaining Claims in Counts 3, 8, and 9.

In his report and recommendation, Magistrate Judge Bryant explicitly dismissed Counts 8 and 9, and Count 3 implicitly, in their entirety under Rule 12(b)(1), Rule 12(b)(6), or both. (D.E. 200 at 4.) Without identifying the specific Counts, he first recommended, following an application of Rule 12(b)(1) to the Title VI claims, "that the Court find that Plaintiff lacks standing to litigate discrimination issues." (D.E. 200 at 3.) Further on, Judge Bryant stated that "[b]ecause Plaintiff has failed to allege intentional discrimination against the FHWA Defendants, the Magistrate Judge recommends a finding that Counts 8 and 9 be dismissed on that basis as well." (D.E. 200 at 4.) Additionally, following an application of Rule 12(b)(1) to claims under Executive Order 12,898, he recommended that "Count 8 be dismissed against the FHWA Defendants on that basis as well." (D.E. 200 at 4.)

Plaintiff's primary argument in his Objection to the report and recommendation is that even though some claims against the FHWA Defendants in Counts 3, 8, and 9 of the Amended Complaint rely upon Title VI, Executive Order 12,898, or both, those Counts still contain valid

9

claims under NEPA and the APA. As for the NEPA claims at least,[5] the FHWA Defendants agree. In their Partial Motion to Dismiss, the FHWA Defendants sought dismissal of Plaintiff's claims only "insofar as they rely upon Title VI of the Civil Rights Act or upon Executive Order 12898." (D.E. 174.) The FHWA Defendants thereby suggest that the report was "overbroad" in that they "did not request dismissal of the NEPA components of those counts, asking only that the Title VI and Environmental Justice allegations be dismissed."[6] (D.E. 202 at 3.) As both parties are in agreement, the Court finds that any of Plaintiff's claims in Counts 3, 8, and 9 that are not subject to dismissal for direct or indirect reliance on Title VI or Executive Order 12,898, as previously discussed, be preserved for further judgment. The claims to be maintained in those Counts include, but are not limited to, the alleged NEPA violations.

   D.  Application of Rule 12(b)(6) to Count 12

When a court is faced with a motion to dismiss under Rule 12(b)(6), the court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." Watson Carpet & Floor Covering, Inc. v. Mohawk Indus., 648 F.3d 452, 456 (6th Cir. 2011) (quoting In re Travel Agent Comm'n Antitrust Litig., 583 F.3d 896, 902 (6th Cir. 2011), cert. denied, TAM Travel, Inc. v. American Airlines, Inc., 131 S. Ct. 896, 178 L. Ed. 2d 746 (2011). Furthermore, "[t]he complaint must contain either direct or inferential allegations respecting all material elements of the offense," and the "factual allegations must be enough to raise a right to relief above the speculative level and state a claim to relief that is plausible on its face." Id. (internal citations and quotation marks

---

[5] The FHWA Defendants do not suggest that any APA claims not reliant on Title VI or Executive Order 12,898 should be dismissed.

[6] As the FHWA Defendants noted, it is understandable why "the Magistrate Judge dismissed these Counts in their entirety given that Plaintiff addressed multiple allegations . . . under a single Count lumping everything together in his briefing to the Magistrate." (D.E. 202 at 3 n. 3.)

omitted) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). Thus, "[c]onclusory allegations or legal conclusions masquerading as factual allegations will not suffice." Id. (internal quotation marks omitted).

Count 12 of Plaintiff's Amended Complaint alleges violations of NEPA, its implementing regulations, and the APA for the FHWA Defendants' failures to "identify and coordinate the Solar Farm/Welcome Center and Transmission Line project as a connected action with the . . . West Tennessee Megasite." (D.E. 5, ¶ 139–41.) In his report and recommendation, Magistrate Judge Bryant recommended dismissal of this Count in its entirety because it "alleges no actionable wrongdoing" against the FHWA Defendants. (D.E. 200 at 5.) This decision was based on an August 13, 2012 ruling by the Court dismissing the same Count against the Department of Energy Defendants in a grant of their motion for summary judgment. (See D.E. 159 at 29–32.) In that ruling, the Court found that the various federal and state defendants fully considered and determined that the projects were not "connected actions," and the Plaintiff failed to demonstrate that this conclusion violated the APA. (D.E. 159 at 32.) Plaintiff did not address the substance of this recommendation in his Objection, and claimed only that the summary judgment in the prior ruling was erroneously granted due to the Court disallowing Plaintiff to file a second amended complaint. (See D.E. 201 at 8–9.) The Court agrees with the magistrate judge that Count 12 should be dismissed in its entirety under Rule 12(b)(6) for failure to state a claim. The analysis in the August 13, 2012 ruling is equally applicable here and plainly warrants dismissal of the same Count against the FHWA Defendants.

III. Conclusion

In sum, the Court adopts Magistrate Judge Bryant's report and recommendation except as to the dismissal of claims in Counts 3, 8, and 9 that do not rely, directly or indirectly, on Title VI or Executive Order 12,898. Accordingly the Court is:

(1) Dismissing all direct and indirect claims under Title VI in Counts 3, 8, and 9 of Plaintiff's Amended Complaint for lack of standing pursuant to Rule 12(b)(1);

(2) Dismissing all direct and indirect claims under Executive Order 12,898 in Count 8 for lack of subject matter jurisdiction pursuant to Rule 12(b)(1);

(3) Preserving all remaining claims in Counts 3, 8, and 9 that are not subject to dismissal above for direct or indirect reliance on Title VI or Executive Order 12,898; and

(4) Dismissing Count 12 in its entirety for failure to state a claim under Rule 12(b)(6).

IT IS SO ORDERED this 4th day of September, 2013.

s/ J. DANIEL BREEN
CHIEF UNITED STATES DISTRICT JUDGE